UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TROY A. SCOTT,<br><br>Plaintiff,<br><br>v.<br><br>JOHN SUTTON, et al.,<br><br>Defendants. | CASE NO. 1:17-cv-00710-DAD-MJS (PC)<br><br>**FINDINGS AND RECOMMENDATION TO DISMISS FIRST AMENDED COMPLAINT WITH PREJUDICE AND WITHOUT LEAVE TO AMEND FOR FAILURE TO STATE A CLAIM**<br><br>**(ECF NO. 9)**<br><br>**FOURTEEN (14) DAY OBJECTION DEADLINE** |

Plaintiff is a state prisoner proceeding pro se and in forma pauperis in this civil rights action brought pursuant to 42 U.S.C. § 1983. On August 11, 2017, the Court dismissed his complaint with leave to amend (ECF No. 8.). Plaintiff's First Amended Complaint is before the Court for screening. (ECF No. 9.).

**I.    Screening Requirement**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim on which relief may be granted, or that seek monetary relief from a defendant who is

immune from such relief. 28 U.S.C. § 1915A(b)(1), (2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

## II. Pleading Standard

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). A plaintiff must set forth "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Id. Prisoners proceeding pro se in civil rights actions are entitled to have their pleadings liberally construed and to have any doubt resolved in their favor, Hebbe v. Pliler, 627 F.3d 338, 342 (9th Cir. 2010) (citations omitted), but nevertheless, the mere possibility of misconduct falls short of meeting the plausibility standard, Iqbal, 556 U.S. at 678; Moss, 572 F.3d at 969.

Section 1983 "provides a cause of action for the deprivation of any rights, privileges, or immunities secured by the Constitution and laws of the United States." Wilder v. Virginia Hosp. Ass'n, 496 U.S. 498, 508 (1990) (quoting 42 U.S.C. § 1983). To state a claim under § 1983, a plaintiff must allege two essential elements: (1) That a right secured by the Constitution or laws of the United States was violated; and (2) That the alleged violation was committed by a person acting under color of state law. See West v. Atkins, 487 U.S. 42, 48 (1988); Ketchum v. Alameda County, 811 F.2d 1243, 1245 (9th Cir. 1987). Section 1983 is not itself a source of substantive rights, but merely provides a method for vindicating federal rights conferred elsewhere. Graham v. Connor, 490 U.S. 386, 393-94 (1989).

To state a claim under section 1983, the Plaintiff must demonstrate that each defendant personally participated in the deprivation of his rights. Iqbal, 556 U.S. at 676-

77; Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002). A person deprives another of a constitutional right under section 1983, if "he *causes* the deprivation." Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978). "The inquiry into causation must be individualized and focus on the duties and responsibilities of each individual defendant." Leer v. Murphy, 844 F.2d 628, 633, 1988 (9th Cir. 1988).

### III. Plaintiff's Allegations

Plaintiff is currently incarcerated at California City Correctional Facility. The acts giving rise to this complaint occurred at Wasco State Prison ("WSP"). He brings this suit against: (1) WSP Correctional Officer Valencia and (2) WSP Appeals Coordinator F. Feliciano.

Plaintiff's allegations may be summarized essentially as follows:

On April 16, 2015 Plaintiff went before a 'classification committee' and was put up for transfer to a Level 2 prison. According to the findings of this committee he should have been housed in the Orientation building until he was transferred. However, on the same day, Defendant Valencia transferred Plaintiff to a Level 3 housing facility.

On May 17, 2015, while housed in the Level 3 facility Plaintiff was involved in a fight with multiple other inmates. Plaintiff was taken to a hospital for treatment. The next day, May 18, Plaintiff was again assaulted by multiple inmates in the same facility, sustaining further severe injuries.

As a result of the May 18, 2015 incident Plaintiff was subjected to disciplinary action and given a rules violation report ("RVR"). Plaintiff appealed this ruling through the prison grievance system by lodging a series of appeals. The first appeal was on June 15, 2015 and the final rejection was sent November 25, 2015. Each of the appeals was rejected at the first level of screening for failing to conform to the appeals process. The appeals were rejected for a variety of reasons including not attaching the necessary paperwork, missing deadlines, and attempting to bypass the second level of review. The first level screening orders were all signed by Defendant Feliciano, the WSP Appeals Coordinator.

3

Plaintiff claims violations of his Eighth Amendment right to humane conditions of confinement, his right to due process under the Fifth and Fourteenth Amendments, and his First Amendment right to petition the government. He seeks money damages, injunctive relief, and costs and fees.

**IV.   Discussion**

    **A.   Failure-to-Protect**

Plaintiff seeks to bring an Eighth Amendment failure-to-protect claim against Defendant Valencia for placing him in a Level 3 prison, where he was assaulted and involved in a violent incident.

The Eighth Amendment protects prisoners from inhumane methods of punishment and inhumane conditions of confinement. Morgan v. Morgensen, 465 F.3d 1041, 1045 (9th Cir. 2006). Although prison conditions may be restrictive and harsh, prison officials must provide food, clothing, shelter, sanitation, medical care, and personal safety. Farmer v. Brennan, 511 U.S. 825, 832-33 (1994) (quotations omitted). This includes a duty to protect prisoners from violence at the hands of other prisoners. Farmer, 511 U.S. at 833-34 (quotation marks omitted); Clem v. Lomeli, 566 F.3d 1177, 1181 (9th Cir. 2009); Hearns v. Terhune, 413 F.3d 1036, 1040 (9th Cir. 2005). Prison officials are liable for a failure to protect only if they are "deliberately indifferent" to a serious risk to an inmate. Farmer, 511 U.S. at 834. Deliberate indifference requires that prison officials both are "aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and . . . also draw the inference." Id. at 837; Clem, 566 F.3d at 1181; Hearns, 413 F.3d at 1040.

Plaintiff fails to state a claim against Defendant Valencia. Merely moving Plaintiff to a different housing unit does not amount to deliberate indifference. Nothing in the facts as alleged indicate that Defendant Valencia knew that transferring Plaintiff to Level 3 housing would pose a substantial risk of serious harm to Plaintiff. Indeed, Plaintiff characterizes this conduct as negligent, rather than deliberately indifferent.

Plaintiff previously was advised of the applicable pleading standard. He nonetheless has failed to cure defects identified in his original pleading. Further leave to amend appears futile and should be denied.

**B.     Due Process**

Plaintiff alleges that his Due Process rights were violated because various administrative processes afforded him were insufficient.

The Due Process Clause protects Plaintiff against deprivations of liberty without the procedural protections to which he is entitled under the law; Wolff v. McDonnell, 418 U.S. 539, 556 (1974); Wilkinson v. Austin, 545 U.S. 209, 221 (2005). In order to state a cause of action for deprivation of procedural due process, a plaintiff must first establish the existence of a liberty interest for which the protection is sought. Liberty interests may arise from the Due Process Clause itself or from state law. Hewitt v. Helms, 459 U.S. 460, 466 (1983). State created liberty interests are limited to freedom from restraint which "imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." Sandin v. Conner, 515 U.S. 472, 484 (1995).

**1.     RVR Hearing**

Plaintiff seeks to allege that his due process rights were violated when he received the RVR. Mainly, Plaintiff disagrees with the decision to charge him with an RVR and wishes to contest the outcome.

"Prison disciplinary proceedings are not part of a criminal prosecution, and the full panoply of rights due a defendant in such proceedings does not apply." Wolff, 418 U.S. at 556. The minimum procedural requirements that must be met in such proceedings are: (1) written notice of the charges; (2) at least 24 hours between the time the prisoner receives written notice and the time of the hearing, so that the prisoner may prepare his defense; (3) a written statement by the fact finders of the evidence they rely on and reasons for taking disciplinary action; (4) the right of the prisoner to call witnesses in his defense, when permitting him to do so would not be unduly hazardous to institutional safety or correctional goals; and (5) legal assistance to the prisoner where the prisoner is

illiterate or the issues presented are legally complex. Id. at 563-71. As long as the five minimum Wolff requirements are met, due process has been satisfied. Walker v. Sumner, 14 F.3d 1415, 1420 (9th Cir. 1994), abrogated on other grounds by Sandin v. Connor, 515 U.S. 472 (1995).

In addition, "some evidence" must support the decision of the hearing officer, Superintendent v. Hill, 472 U.S. 445, 455 (1985), and the evidence must have some indicia of reliability, Cato v. Rushen, 824 F.2d 703, 705 (9th Cir. 1987). The "some evidence" standard is not particularly stringent and the relevant inquiry is whether "there is any evidence in the record that could support the conclusion reached. . . ." Hill, 472 U.S. at 455-56 (emphasis added).

Plaintiff fails to allege a claim against either Defendant regarding the RVR process. From the facts alleged the RVR hearing appears to satisfy the Wolff procedural requirements and the requirement that "some evidence" supported the decision. In addition, neither Defendant was sufficiently connected to the RVR hearing to state a claim against them. Defendants Valencia and Feliciano were not involved in Plaintiff's RVR hearing, and Defendant Feliciano did not review Plaintiff's appeals until after the RVR had been charged.

Plaintiff previously was advised of the applicable pleading standard. He nonetheless has failed to cure defects identified in his original pleading. Further leave to amend appears futile and should be denied.

### 2. Grievance/Appeals Process

Plaintiff alleges several ways that the grievance and appeals process violated his due process rights. Plaintiff alleges that his appeals were improperly screened, that he was unable to avail himself of the appeal process, and that Defendant Feliciano deliberately chose to not file one of his appeals.

Prisoners do not have stand-alone due process rights related to an administrative grievance process. Ramirez v. Galaza, 334 F.3d 850, 860 (9th Cir. 2003); Mann v. Adams, 855 F.2d 639, 640 (9th Cir. 1988). Failing to properly process a grievance does

not constitute a due process violation. See, e.g., Wright v. Shannon, No. 1:05-cv-01485-LJO-YNP PC, 2010 WL 445203, at *5 (E.D. Cal. Feb. 2, 2010) (plaintiff's allegations that prison officials denied or ignored his inmate appeals failed to state a cognizable claim under the First Amendment); Williams v. Cate, No. 1:09-cv-00468-OWW-YNP PC, 2009 WL 3789597, at *6 (E.D. Cal. Nov. 10, 2009) ("Plaintiff has no protected liberty interest in the vindication of his administrative claims."). The denial of a prisoner's administrative appeal generally does not cause or contribute to the underlying violation. George v. Smith, 507 F.3d 605, 609 (7th Cir. 2007) (quotation marks omitted). However, prison administrators cannot willfully turn a blind eye to constitutional violations being committed by subordinates. Jett v. Penner, 439 F.3d 1091, 1098 (9th Cir. 2006).

Plaintiff fails to allege a cognizable claim. Plaintiff is not entitled to any specific procedural protections regarding how grievances and appeals are processed. His claim based on alleged deficiencies in the administrative appeals process fails as a matter of law. This claim cannot be cured through amendment and should be dismissed without leave to amend.

### 3. Placement in Level 3 Housing

Plaintiff alleges that his due process rights were violated by his transfer to a Level 3 prison when a classification committee had recommended Level 2.

Prison inmates generally have no constitutional right to be incarcerated at a particular correctional facility or in a particular unit. Meachum v. Fano, 427 U.S. 215, 224 (1976). "[T]he Constitution itself does not give rise to a liberty interest in avoiding transfer to more adverse conditions of confinement." Wilkinson v. Austin, 545 U.S. 209, 221 (2005) (citation omitted). While state statutes may create liberty interests that are entitled to procedural due process protections, Montanye v. Haymes, 427 U.S. 236, (1976), these interests will be generally limited to freedom from restraint that imposes "atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life," Sandin, 515 U.S. at 484. See, *e. g.,* Vitek v. Jones, 445 U.S. 480 (1980) (finding that such a liberty interest was created by involuntary transfer of an inmate to a mental

hospital); Washington v. Harper, 494 U.S. 210 (1990) (finding a liberty interest in the involuntary administration of psychotropic drugs). A plaintiff must assert a "dramatic departure" from the standard conditions of confinement before due process concerns are implicated. Sandin, 515 U.S. at 485–86. Similarly, prison inmates do not have a protected liberty interest in freedom from alleged classification errors where such errors do not cause the inmates to be subjected to "atypical and significant hardship . . . in relation to the ordinary incidents of prison life." Id. at 484.

Here, Plaintiff contends that he was temporarily placed in a higher level security facility after being endorsed to a lower classification by the committee. He has not alleged an atypical or significant hardship, even though the transfer led to unfortunate circumstances. Because the allegations do not suggest that Plaintiff faced an atypical and significant hardship, he fails to state a claim. Further leave to amend appears futile and should be denied.

### 4. Fifth Amendment Due Process

Plaintiff also seeks to bring a due process claim under the Fifth Amendment. "[T]he Fifth Amendment's due process clause applies only to the federal government." Bingue v. Prunchak, 512 F.3d 1169, 1174 (9th Cir. 2008). In this instance, Plaintiff's allegations are against state officials. As in stated in this Court's previous screening order (ECF No. 8) the complaint does not state a Fifth Amendment due process claim, and this defect is not capable of being cured through amendment. The claim should be dismissed without further leave to amend.

### C. First Amendment

Plaintiff contends that the failure to properly process his grievances violated his First Amendment rights.

The failure to properly process grievances can, in some circumstances, violate a prisoner's First Amendment right of access to the courts. See Bradley v. Hall, 64 F.3d 1276, 1279 (9th Cir. 1995). This right is limited to direct criminal appeals, habeas petitions, and civil rights actions. Lewis v. Casey, 518 U.S. 343, 354 (1996). Claims for

denial of access to the courts may arise from the frustration or hindrance of "a litigating opportunity yet to be gained" (forward-looking access claim) or from the loss of a meritorious suit that cannot now be tried (backward-looking claim). Christopher v. Harbury, 536 U.S. 403, 412-15 (2002). In either case, a plaintiff must show that he suffered an "actual injury" by being shut out of court. Lewis, 518 U.S. at 350-51. An "actual injury" is one that hinders the plaintiff's ability to pursue a legal claim. Id. at 351.

Plaintiff has not alleged an "actual injury" in relation to his access to the courts arising from interference with his prison grievances. Indeed, nothing in the complaint suggests that he has previously attempted to litigate any of these claims. He therefore fails to state a claim. He previously was advised of the applicable standard and failed to cure defects from his initial pleading. Further leave to amend appears futile and should be denied.

### D. Prison Regulations

Plaintiff alleges a variety of violations of prison regulations, both with regard to his housing placement and with regard to the processing of his grievances.

Mere violation of state regulations is insufficient to establish a constitutional violation. Cousins v. Lockyer, 568 F.3d 1063, 1070 (9th Cir. 2009) ("[S]tate departmental regulations do not establish a federal constitutional violation."). Moreover, "[t]he existence of regulations . . . governing the conduct of prison employees does not necessarily entitle Plaintiff to sue civilly to enforce the regulations or to sue for damages based on the violation of the regulations." Vasquez v. Tate, No. 1:10–cv–1876–JLT (PC), 2012 WL 6738167, at *9 (E.D. Cal. Dec. 28, 2012). The Court is unaware of any authority that holds there exists a private right of action available to Plaintiff for violation of Title 15 regulations; ample district court decisions hold to the contrary. E.g., id.; Davis v. Powell, 901 F.Supp.2d 1196, 1211 (S.D. Cal. 2012); Meredith v. Overley, No. 1:12-cv-00455-MJS (PC), 2012 WL 3764029, at *4 (E.D. Cal. Aug. 29, 2012); Parra v. Hernandez, No. 08cv0191-H (CAB), 2009 WL 3818376, at *8 (S.D.Cal. Nov. 13, 2009); Davis v. Kissinger, No. CIV S-04-0878 GEB DAD P, 2009 WL 256574, at *12 n.4 (E.D.Cal. Feb. 3,

2009), adopted in full, 2009 WL 647350 (Mar. 10, 2009). Claims based solely on violation of state regulations should be dismissed without further leave to amend.

### V. Conclusion

Plaintiff's first amended complaint fails to state a cognizable claim. Plaintiff previously was advised of pleading defects and afforded the opportunity to cure them. He failed to do so. Further leave to amend appears futile and should be denied.

Accordingly, it is HEREBY RECOMMENDED that the first amended complaint be DISMISSED with prejudice and without leave to amend for failure to state a claim.

The findings and recommendation will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(1). Within fourteen (14) days after being served with the findings and recommendation, the parties may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendation." A party may respond to another party's objections by filing a response within fourteen (14) days after being served with a copy of that party's objections. The parties are advised that failure to file objections within the specified time may result in the waiver of rights on appeal. Wilkerson v. Wheeler, 772 F.3d 834, 839 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated: October 16, 2017         /s/ *Michael J. Seng*
                                UNITED STATES MAGISTRATE JUDGE